IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERIK ROY,

           Plaintiff,

v.                                         CIVIL ACTION NO.   2:19-cv-00698

INTERNATIONAL ASSOCIATION OF SHEET METAL,
AIR, RAIL, AND TRANSPORTATION WORKERS
LOCAL UNION NO. 33, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to dismiss by Defendants, International Association of Sheet Metal, Air, Rail and Transportation Workers Local Union No. 33 ("Union 33") and West Virginia Sheet Metal Worker's Joint Apprenticeship Training Fund ("JATF") (collectively, "Defendants"). (ECF No. 8.)   For the reasons discussed more fully herein, the motion is **GRANTED**.

            I.      BACKGROUND

The following facts are drawn from the Complaint and are assumed to be true.[1]   The JATF provides an apprenticeship training program and is jointly overseen by representatives of Union 33 and the local Sheet Metal and Roofing Contractors' Association.  (ECF No. 1 at ¶¶ 4–5.) "Advancement through the apprenticeship is based on the number of work hours in a 12-month period," which "results in a higher hourly wage."  (*Id.* ¶ 14.)   According to the Apprentice

---

[1] The Court will also consider the Apprentice Handbook attached to Defendants' Motion to Dismiss because it is referenced and quoted in the Complaint and integral to Plaintiff's claims.   *See Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir. 2016) (A court "may consider attachments to . . . the motion to dismiss if integral to the complaint and authentic." (internal markings and citation omitted)).

Handbook, when apprentices are out of work, they are to notify both the local Business Agent for Union 33 and the JATF office so that their names can be placed on the "Available for Work" list and they can be referred to signatory contractors. (ECF No. 8-1 at 7.) Apprentices who do so are placed at the bottom of the list. (*Id.*) As signatory contractors need apprentices for work, they contact the JATF, who refers apprentices for jobs starting from the top of the list. (*Id.* at 6–7; ECF No. 1 at ¶ 15.)

Plaintiff Erik Roy ("Plaintiff"), who is African American, became a registered apprentice in JATF's apprenticeship program in January 2016. (ECF No. 1 at ¶¶ 11–12.) Plaintiff alleges that he suffered from disparate treatment because he "was offered fewer jobs" and had not been retained as often or for as long as "similarly situated White apprentices." (*Id.* at ¶¶ 16, 28, 40.) He, therefore, filed a Complaint on September 26, 2019, asserting three separate counts under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981, and the West Virginia Human Rights Act ("WVHRA") for discrimination on the basis of his race. On February 10, 2020, Defendants filed the present motion to dismiss. (ECF No. 8.) Plaintiff's counsel subsequently moved to withdraw. Therefore, the Court extended Plaintiff's deadline to respond to the motion to April 24, 2020. (ECF No. 11.) To date, Plaintiff has failed to file a response nor has new counsel filed an appearance in this case. As such, the motion is ripe for adjudication.

## II. LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). To withstand a motion to

dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ms. King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, the court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [the court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. DISCUSSION

Defendants argue that the allegations in the Complaint are conclusory and insufficient to state a clam for racial discrimination under Title VII, Section 1981, or the WVHRA. Specifically, they contend that Plaintiff has not alleged any facts that support an inference that any white apprentices were similarly situated and surpassed him through the JATF program because of discriminatory animus. (ECF No. 9 at 3–4.)

Title VII makes it unlawful for a labor organization to "discriminate against[] any individual because of his race . . . or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(c)(1)–(2). Further, Title VII prohibits "any employer, labor organization, or joint labor-management committee controlling apprenticeship . . . to discriminate against any individual because of his race . . . in admission to, or employment in, any program established to provide apprenticeship or other training." 42 U.S.C. § 2000e-2(d).

Similarly, the WVHRA makes it unlawful "[f]or any labor organization because of race . . . to deny full and equal membership rights to any individual or otherwise to discriminate against such individual with respect to hire, tenure, terms, conditions or privileges of employment or any other matter, directly or indirectly, related to employment." W. Va. Code 5-11-9(3). The WVHRA further prohibits any labor organization from the following:

> (A) Select[ing] individuals for an apprentice training program registered with the State of West Virginia on any basis other than their qualifications as determined by objective criteria which permit review;

4

>   (B) Discriminat[ing] against any individual with respect to his or her right to be admitted to or participate in a guidance program, an apprenticeship training program, on-the-job training program or other occupational training or retraining program;
>
>   (C) Discriminat[ing] against any individual in his or her pursuit of such programs or to discriminate against such a person in the terms, conditions or privileges of such programs; . . . .

W. Va. Code 5-11-9(4). To establish a prima facie case of discrimination under Title VII and the WVHRA, a plaintiff must allege: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom.*, 566 U.S. 30 (2012); *Barefoot v. Sundale Nursing Home*, 193 475, 457 S.E.2d 152, 159 (W. Va. 1995) (holding an employment discrimination claim under the WVHRA mirrors an identical claim under Title VII).

Finally, Section 101 of the Civil Rights Act of 1991, 42 U.S.C. § 1981, "protects all persons from racial discrimination in making and enforcing contracts." *Woods v. City of Greensboro*, 855 F.3d 639, 645 (4th Cir. 2017) (citing 42 U.S.C. § 1981). The statute ensures that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To state a Section 1981 claim, a plaintiff must allege "both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006).

In this case, Plaintiff alleges that he "advanced more slowly in his apprenticeship than similarly situated White apprentices because he was offered fewer jobs by Defendants" and "had not been retained by employer members of the Contractors' Association as long or as often as similarly situated White apprentices" in an attempt to support disparate treatment claims. (ECF

No. 1 at ¶ 16.) However, Plaintiff has not alleged that the referral requirements set forth in the Apprentice Handbook were not followed or that those requirements were discriminatory in application. Nor does the Complaint allege that Defendants offered or referred white apprentices for jobs that Plaintiff should have been offered or referred for but was not.

Plaintiff does not even offer any factual allegations to compare himself to other white apprentices who he claims were treated better. *See Swaso v. Onslow Cty. Bd. of Educ.*, 698 F. App'x 745, 749 (4th Cir. 2017), as amended (Aug. 11, 2017) (affirming district court's dismissal of racial discrimination claim where plaintiff "failed to provide any factual enhancement regarding the alleged comparators . . . that would permit the court to reasonably infer their similarity"). For instance, there are no allegations that suggest Plaintiff was placed on the "Available for Work" list but that other white apprentices, who were lower on the list, surpassed him for work placement. Nor are there allegations that the same contractor treated other white apprentices better or retained them longer than Plaintiff, let alone that Defendants had any control over such contractor's employment decisions. Without such support, the Complaint fails to establish a plausible basis for believing Defendants treated Plaintiff less favorably than other white apprentices who were actually similarly situated to him.

Additionally, while the Complaint alleges that a "noose hanging from a doorknob in [Defendants'] facility . . . was meant to intimidate African[]Americans", (*id.* at ¶ 18), Plaintiff offers no factual allegations to support a reasonable inference "that race was the true basis" for his slower advancement through the apprenticeship program. *Coleman*, 626 F.3d at 191 (dismissing employee's race discrimination claim on same ground). Moreover, the "noose" allegation itself is made without any further factual allegations to clarify the context or even further substantiate

6

that it was a noose as opposed to a piece of rope or string tied to the doorknob for some other purpose. With no additional facts, the Court must find this allegation insufficient to demonstrate anything, let alone discrimination.

Absent a rational connection to race, Plaintiff's bare allegations of race discrimination do not rise above speculation and, thus, cannot survive Rule 12(b)(6) scrutiny. *See McCleary-Evans*, 780 F.3d at 586 (finding "allegation that [employer] did not hire [plaintiff] because its decision makers were biased is simply too conclusory"); *Ellis v. Kanawha Cty. Pub. Library*, No. 2:15-cv-05698, 2016 WL 5387648, at *5 (S.D. W. Va. Sept. 26, 2016) (dismissing employee's discrimination claim because pleading did "not give rise to a plausible inference that Plaintiff was terminated or suspended because of his race"). Accordingly, Plaintiff's race discrimination claims under Title VII, the WVHRA, and Section 1981 are **DISMISSED** for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, (ECF No. 8), is **GRANTED**. The Court **DISMISSES** Plaintiff's Complaint and **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       September 23, 2020

THOMAS E. JOHNSTON, CHIEF JUDGE